IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TRAVIS LEE GOLDEN,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD, et al.,<br><br>Respondents. | Cause No. CV 15-07-M-DLC |
| TRAVIS LEE GOLDEN,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD, et al.,<br><br>Respondents. | Cause No. CV 15-10-M-DLC |



**FILED**

JAN 30 2015

Clerk, U.S District Court
District Of Montana
Missoula

## ORDER DENYING PETITIONS AND DENYING CERTIFICATE OF APPEALABILITY

These cases come before the Court on Petitioner Travis Lee Golden's applications for writs of habeas corpus under 28 U.S.C. § 2254. Golden is a state prisoner proceeding pro se. Although the cases were referred on opening to a United States Magistrate Judge, *see* D. Mont. L.R. 72.2(a)(1), it is clear the proceedings need not be protracted. Referral is terminated. *See* L.R. 72.2(c).

1

Golden states that he was convicted and sentenced in Missoula County on December 7, 2006, for assault with a weapon, and on November 4, 2010, for tampering with evidence. *See* Pet. (Doc. 1) at 2 ¶ 2. He claims that his current custody is unlawful because, in both cases, charges were initiated when the same judge who eventually convicted and sentenced him found probable cause to believe he committed the crime and granted the prosecutor's motion for leave to file an Information. Golden believes this means the judge became part of the accusatory process, which should have mandated his recusal.

"[O]pinions held by judges as a result of what they learned in earlier proceedings" are "not subject to deprecatory characterization as 'bias' or 'prejudice.'" *Liteky v. United States*, 510 U.S. 540, 551 (1994). Even a judge who is "exceedingly ill disposed towards the defendant" after presiding at trial "is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings." *Id.* at 550-51.

If a judge's formation of an opinion of a defendant in the course of a criminal case does not violate constitutional due process, certainly reviewing an affidavit, finding mere probable cause to believe the defendant has committed a crime, and authorizing the filing of an Information does not. This procedure does not make a judge part of the accusatory process any more than issuing a search

2

warrant makes a judge part of the investigative process. Or, to look at it another way, when a judge finds a warrant application is *not* supported by facts sufficient to show probable cause, she is not thereby disqualified from reviewing another application on the grounds that she previously ruled against the State. The judge's role in these proceedings is not distinguishable in principle from deciding whether bail should be granted, or whether a motion to suppress or a motion in limine should be granted or denied, or whether evidence should or should not be admitted under Fed. R. Evid. 104(a) or 801(d)(2)(C), (D), or (E). Golden's reasoning, pressed to its logical conclusion, would hold that virtually every exercise of judgment by a judge mandates the judge's recusal from further proceedings. That proposition is not remotely supported by any precedent of which the Court is aware.

The allegations in these petitions are frivolous. The petitions are denied because all claims are conclusively lacking in merit. Rule 4, Rules Governing § 2254 Cases.

Golden does not make any showing that he was deprived of a constitutional right. A certificate of appealability is not warranted. 28 U.S.C. § 2253(c)(2).

Based on the foregoing, the Court enters the following:

**ORDER**

1. Golden's Petitions are DENIED for lack of merit.

2. The motions to proceed in forma pauperis (Doc. 2) are DENIED because the petitions are frivolous.

3. The motions for immediate release (Doc. 3) are likewise DENIED because the petitions are frivolous.

4. The Clerk of Court is directed to enter judgment in each case, by separate document, against Petitioner and in favor of Respondents.

5. A certificate of appealability is DENIED on all issues in each case.

6. In the event Golden seeks leave to pursue an appeal in forma pauperis, the Court CERTIFIES that any appeal would not be taken in good faith. Fed. R. App. P. 24(a)(4)(B).

7. These cases are CLOSED. Other than a notice of appeal, no further filings will be accepted.

DATED this 30th day of January, 2015.

Dana L. Christensen, Chief Judge
United States District Court